IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

SEP 2 6 2011

GREGORY C. LANGHAM
CLERK

Civil Action No. 11-cv-01662-BNB

VERNELL MITCHELL,

    Plaintiff,

v.

ANGEL MEDINA, Warden, et al. [sic],
COLORADO ATTORNEY GENERAL,
APPELLATE JUDGE METZGER,
APELLATE JUDGE NEY,
APPELLATE JUDGE RULAND,
DISTRICT CT. JUDGE L. A. MANZANARES,
DIST. CT. JUDGE ANNE M. MANSFIELD, and
DIST. CT. JUDGE WILLIAM D. ROBBINS,

    Defendants.

## ORDER OF DISMISSAL

Plaintiff, Vernell Mitchell, is a prisoner in the custody of the Colorado Department of Corrections who currently is incarcerated at the correctional facility in Limon, Colorado. Mr. Mitchell filed *pro se* a civil rights complaint pursuant to 42 U.S.C. § 1983 challenging his 1989 conviction and consecutive life sentences on two counts of first-degree murder. He is suing three state trial judges, three state appellate judges, the state attorney general, and the warden at the Limon Correctional Facility. He asks for injunctive relief, including a new trial.

Mr. Mitchell has been granted leave to proceed pursuant to the federal *in forma pauperis* statute, 28 U.S.C. § 1915. The Court must construe Mr. Mitchell's filings liberally because he is not represented by an attorney. See *Haines v. Kerner*, 404 U.S.

519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court should not be an advocate for a *pro se* litigant. *See id.* For the reasons set forth below, the complaint and the action will be dismissed.

Mr. Mitchell disagrees with *People v. Mitchell*, No. 98CA0738 (Colo Ct. App. Jan. 13, 2000), because he maintains the opinion is not based on evidence presented at trial and, therefore, is not supported by the record. He asks this Court to correct what he contends are errors in the transcript from a hearing on a postconviction motion pursuant to Rule 35(c) of the Colorado Rules of Criminal Procedure. He is suing the state court judges involved in the trial and appellate proceedings. He fails to explain why he is suing the Colorado attorney general and his warden.

The Defendant judges are absolutely immune from liability in civil rights suits when they are acting in their judicial capacity, unless they act in the clear absence of all jurisdiction. *See Mireles v. Waco*, 502 U.S. 9, 11-12 (1991); *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978); *Hunt v. Bennett*, 17 F.3d 1263, 1266-67 (10th Cir. 1994). The Defendant judges' involvement in Mr. Mitchell's criminal proceedings are actions taken in their judicial capacity, and there is no indication that these state judges were acting in the clear absence of all jurisdiction. Therefore, the claims Mr. Mitchell asserts against the Defendant judges are barred by absolute judicial immunity.

Secondly, despite how he postures his § 1983 claims, Mr. Mitchell is challenging his conviction and sentence. His claims will be dismissed because the claims are barred by the rule in *Heck v. Humphrey*, 512 U.S. 477 (1994). Pursuant to *Heck*, if a judgment for damages necessarily would imply the invalidity of a criminal conviction or sentence, the action does not arise until the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal, or called into question by the issuance of a federal habeas writ. *See id.* at 486-87.

Although Mr. Mitchell does not seek damages, *Heck* applies "when the concerns underlying *Heck* exist," which include "those claims that would necessarily imply the invalidity of [the] conviction." *See Lawson v. Engleman*, 67 Fed. App'x 524, 526 n.2 (10th Cir. 2003) (unpublished) (citing *Beck v. City of Muskogee Police Depot*, 195 F.3d 553, 557 (10th Cir. 1999)). "[A] state prisoner's § 1983 action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration") (emphasis in original). *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005).

Because of the nature of Mr. Mitchell's allegations, his request for injunctive relief necessarily implies the invalidity of his conviction or sentence. *Lawson*, 67 Fed. Appx. at 526 n.2 (citing *Kutzner v. Montgomery Cnty.*, 303 F.3d 339, 341 (5th Cir. 2002) (noting that claims seeking to attack the fact or duration of confinement "must be

brought as habeas corpus petitions and not under § 1983"). Success on Mr. Mitchell's claims would necessarily spell speedier release or demonstrate the invalidity of his confinement or its duration. Therefore, his claims for injunctive relief cannot be pursued under § 1983. Rather, they must be pursued as habeas corpus claims pursuant to 28 U.S.C. § 2254, *see Preiser v. Rodriguez*, 411 U.S. 475, 504 (1973), after exhaustion of state remedies, *see* § 2254(b)(1)(A); *Preiser*, 411 U.S. at 499 n.14.

However, according to this Court's docketing records, Mr. Mitchell previously sought habeas corpus relief in this Court pursuant to § 2254, challenging the same state court conviction he challenges in the instant action. *See Mitchell v. Watkins*, No. 03-cv-01265-WDM-BNB (D. Colo. Dec. 28, 2006), *appeal dismissed*, No. 07-1147 (10th Cir. July 26, 2007), *cert. denied*, No. 07-10680 (June 9, 2008). "[T]he court is permitted to take judicial notice of its own files and records, as well as facts which are a matter of public record." *Van Woudenberg ex rel. Foor v. Gibson*, 211 F.3d 560, 568 (10th Cir.2000), *abrogated on other grounds by McGregor v. Gibson*, 248 F.3d 946, 955 (10th Cir. 2001). The Court rejected Mr. Mitchell's claims as procedurally barred or without merit. The United States Court of Appeals for the Tenth Circuit (Tenth Circuit) dismissed the appeal, and the United States Supreme Court denied certiorari review. To the extent Mr. Mitchell seeks to file a second or successive § 2254 application, he first must seek authorization from the Tenth Circuit Court of Appeals.

The instant action will be dismissed pursuant to *Heck*. A *Heck* dismissal counts as a strike under § 1915(g). *See Hafed v. Federal Bureau of Prisons*, 635 F.3d 1172, 1177-78 (10th Cir. 2011).

Accordingly, it is

ORDERED that the complaint and the action are dismissed without prejudice as barred by the rule in *Heck v. Humphrey*, 512 U.S. 477 (1994). It is

FURTHER ORDERED that any pending motions are denied as moot.

DATED at Denver, Colorado, this 26th day of September, 2011.

BY THE COURT:

s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 11-cv-01662-BNB

Vernell Mitchell
Prisoner No. 62245
Limon Correctional Facility
49030 Colorado 71
Limon, CO 80826

    I hereby certify that I have mailed a copy of the **ORDER and JUDGMENT** to the above-named individuals on September 26, 2011.

                              GREGORY C. LANGHAM, CLERK

                              By: _____
                                      Deputy Clerk