IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01662-LTB

VERNELL MITCHELL,

    Plaintiff,

v.

ANGEL MEDINA, Warden, et al. [sic],
COLORADO ATTORNEY GENERAL,
APPELLATE JUDGE METZGER,
APELLATE JUDGE NEY,
APPELLATE JUDGE RULAND,
DISTRICT CT. JUDGE L. A. MANZANARES,
DIST. CT. JUDGE ANNE M. MANSFIELD, and
DIST. CT. JUDGE WILLIAM D. ROBBINS,

    Defendants.

---

ORDER DENYING MOTION TO RECONSIDER

---

Plaintiff, Vernell Mitchell, filed **pro se** on October 19, 2011, a motion to reconsider titled "Motion for Rehearing."  Mr. Mitchell asks the Court to reconsider the order of September 26, 2011, which dismissed the complaint and this action without prejudice pursuant to **Heck v. Humphrey**, 512 U.S. 477 (1994).  Judgment was entered on the same day.

The Court must construe liberally Mr. Mitchell's filings because he is not represented by an attorney.  **See Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991).  For the reasons stated below, the motion for rehearing will be treated as a motion pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, and is denied.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." **Van Skiver v. United States**, 952 F.2d 1241, 1243 (10th Cir. 1991).  A motion to alter or amend the judgment must be filed within twenty-eight days after the judgment is entered.  **See** Fed. R. Civ. P. 59(e).  The Court will consider Mr. Mitchell's motion to reconsider pursuant to Rule 59(e) because it was filed within twenty-eight days after the judgment was entered in this action on September 26. **See Van Skiver**, 952 F.2d at 1243 (stating that motion to reconsider filed within ten-day limit for filing a Rule 59(e) motion under prior version of that rule should be construed as a Rule 59(e) motion).

The three major grounds that justify reconsideration are:  (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice.  **See Servants of the Paraclete v. Does**, 204 F.3d 1005, 1012 (10th Cir. 2000).

The Court dismissed the complaint and the instant action without prejudice pursuant to **Heck** because Mr. Mitchell was attacking his 1989 conviction by asking this Court to correct what he contended were errors in the state record.  The reasons for the dismissal are discussed in detail in the September 26 dismissal order.  Upon consideration of the liberally construed motion to reconsider and the entire file, the Court finds that Mr. Mitchell fails to demonstrate some reason why the Court should reconsider and vacate the order to dismiss this action.  Mr. Mitchell fails to demonstrate

the existence of an intervening change in controlling law or new evidence and he fails to convince the Court of any need to correct clear error or prevent manifest injustice. Therefore, the motion to reconsider pursuant to Fed. R. Civ. P. 59(e) will be denied.

Accordingly, it is

ORDERED that the motion to reconsider, titled "Motion for Rehearing" that Plaintiff, Vernell Mitchell, filed *pro se* on October 19, 2011, and which the Court has treated as a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e), is denied. It is

FURTHER ORDERED that the "Motion for Extention [sic] of Time" filed on October 17, 2011, is denied as moot.

DATED at Denver, Colorado, this   10th   day of   November  , 2011.

BY THE COURT:


  s/Lewis T. Babcock
LEWIS T. BABCOCK
Senior Judge, United States District Court